William F. Small (Cal. Bar No. 253443)
SMALL LAW PC
402 West Broadway, Suite 1270
San Diego, CA 92101
Email: will@smalllawcorp.com
Telephone: (619) 430-4796

Brett A. Schatz (*Pro Hac Vice* In Process)
WOOD, HERRON & EVANS, L.L.P.
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Email: bschatz@whe-law.com
Telephone: (513) 241-2324

Attorneys for Plaintiff
SLICK SLIDE LLC

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLICK SLIDE LLC, | Case No. '23CV2319 LL   KSC |
| Plaintiff, | Judge: |
| | Magistrate Judge: |
| v. | |
| | **COMPLAINT** |
| SPORTS INOVATION CORP. DBA TRUE MOVEMENT TECH., AND DBA AIRTRACK, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Slick Slide LLC ("Slick Slide"), for its Complaint against Defendant Sports Inovation Corp., dba True Movement Tech. and dba AirTrack ("Defendant"), states and alleges the following:

### NATURE OF THE ACTION

1.    This is an action for patent infringement and inducement of patent infringement, copyright infringement and inducement of copyright infringement,

1

trademark infringement, and violation of state law, including laws governing

deceptive trade practices, and arises under the patent laws of the United States,

codified in Title 35 of the United States Code, the copyright laws of the United

States codified in Title 17, federal trademark law, and state law.

## **THE PARTIES**

2.     Plaintiff Slick Slide LLC has a place of business at 4247 E. Casitas

Del Rio, Phoenix, Arizona 85050, and is a well-known provider of recreational

attractions and equipment, including recreational slides.

3.     Defendant Sports Inovation Corp. dba True Movement Tech. and dba

AirTrack, is a California corporation and has a place of business at 7698 Miramar

Road, San Diego, California 92126.  Defendant is a designer, supplier,

manufacturer, offeror for sale, and seller, of recreational attractions and equipment.

## **JURISDICTION AND VENUE**

4.     This is a patent infringement, copyright infringement, and trademark

infringement case arising out of federal law, and this Court has subject matter

jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), and under 15 U.S.C. §

1221 and 28 U.S.C. §§ 1338(a) and (b). This is also a case arising out of California

state law, and this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

5.     Venue in this judicial district is appropriate based on 28 U.S.C. §

1400(b), in that the Defendant resides therein, and the Defendant has committed

acts of infringement and has a regular and established place of business therein.

COMPLAINT

**BACKGROUND FACTS**

6.     Slick Slide is a family-friendly business, providing entertainment for children and adults in the form of recreational attractions and equipment, including innovative and customized recreational slides.  Slick Slide has provided its innovative and customized recreational slides throughout the United States.

7.     Slick Slide incorporates unique technology and innovative designs in its products to provide a customized experience for its customers.  Slick Slide's products are also customized to its customers' environment, including amusement parks and water parks.  Slick Slide's product offerings include indoor and outdoor customized recreational slides.

8.     The slide designs offered by Slick Slide are the original creation of Slick Slide. By way of example only, Slick Slide's Launch Slide design is an original creation of Slick Slide.  In addition, Slick Slide's Hybrid Slide design is an original creation of Slick Slide.

9.     Slick Slide's Launch Slide design is protected by United States Design Patent No. D973,821, entitled "Recreational Slide" ("the '821 patent"), which issued from the United States Patent and Trademark Office ("USPTO") on December 27, 2022, to inventor Gary Schmit.  Mr. Schmit assigned the '821 patent to Slick Slide, which at all times relevant to this action has been the owner of the '821 patent. A copy of the '821 patent is attached to this Complaint as Exhibit A.

3

COMPLAINT

10.     Slick Slide marks its Launch Slide, including through its website, with the '821 patent.

11.     Slick Slide is the owner of original work, including design information and artwork, relating to the Slick Slide Launch Slide, and other slides, including the Slick Slide Hybrid Slide.  Slick Slide used and uses this design information and artwork for the Slick Slide Launch Slide and other slides in connection with its business.

12.     Slick Slide has duly complied with the provisions of the copyright laws of the United States and has secured rights and privileges in and to the design information and artwork described above relating to the Slick Slide Launch Slide. Slick Slide has Certificates of Registration, duly issued from the Register of Copyrights, pertaining to said design information and artwork.

13.     By way of example, the Certificate of Registration attached hereto as Exhibit B and associated Deposit Material attached hereto as Exhibit C relates to the design information and artwork described above relating to the Slick Slide Launch Slide.

14.     In addition, the Certificate of Registration attached hereto as Exhibit D and associated Deposit Material attached hereto as Exhibit E relates to the design information and artwork described above relating to the Slick Slide Launch Slide.

4

COMPLAINT

15.    In addition, the Certificate of Registration attached hereto as Exhibit F and associated Deposit Material attached hereto as Exhibit G relates to the design information and artwork described above relating to the Slick Slide Launch Slide.

16.    In addition, the Certificate of Registration attached hereto as Exhibit H and associated Deposit Material attached hereto as Exhibit I relates to the design information and artwork described above relating to the Slick Slide Launch Slide.

17.    At all times relevant hereto, Slick Slide has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the design information and artwork that is the subject of the Certificates of Registration attached hereto as Exhibit B, D, F, and H.

18.    Slick Slide started operating in 2019, and at that time began using the trademark SLICK SLIDE in connection with the design, supply, manufacture, offer for sale, and sales, of recreational attractions and equipment.

19.    By way of example, Slick Slide uses the trademark SLICK SLIDE in connection with its website, located at www.slickslide.com, where Slick Slide offers, promotes, and markets recreational attractions and equipment.

20.    Slick Slide made its first transaction of its recreational attractions and equipment in 2019, including in connection with the trademark SLICK SLIDE.

21.    Since 2019, Slick Slide has sold hundreds of recreational attractions and equipment, including innovative and customized recreational slides, all in connection

5

with its trademark SLICK SLIDE.  Slick Slide has provided its innovative and customized recreational slides throughout the United States, all in connection with its trademark SLICK SLIDE.

22.     Slick Slide has offered, promoted, and marketed its recreational attractions and equipment to the public, including through and at trade shows, including the annual International Association of Amusement Parks and Attractions Expo ("IAAPA Expo"), and the International Adventure and Trampoline Park Association ("IATP").  In doing so, Slick Slide has penetrated the market for recreational attractions and equipment, all in connection with its trademark SLICK SLIDE.

23.     By way of further example only, Slick Slide has distributed marketing literature that includes its trademark SLICK SLIDE, to the public through the Internet, through electronic distribution, and by providing physical copies of its marketing literature to customers and potential customers.

24.     From its start in 2019, Slick Slide has grown into a nationwide business, continuously expanding with customers throughout the United States, earning millions of dollars in revenue and serving the market for recreational attractions and equipment, all in connection with its trademark SLICK SLIDE.

25.     To promote its business, Slick Slide has used the SLICK SLIDE trademark in many ways, including on its website, on social media sites, on signage

COMPLAINT

displayed at trade shows, through email marketing, and on other email correspondence.

26.     Slick Slide markets its services to the national market for recreational attractions and equipment, all in connection with the SLICK SLIDE trademark.

27.     Slick Slide has built a substantial amount of goodwill in the SLICK SLIDE trademark in connection with its business. Slick Slide has become well known to the trade and the general public, and Slick Slide has established extensive goodwill, public recognition, and secondary meaning for the SLICK SLIDE trademark as an identifier of Slick Slide in the United States.  As a result of these activities, the SLICK SLIDE trademark is distinctive and is an identifier of Slick Slide.

28.     Defendant is a designer, supplier, manufacturer, offeror for sale, and seller, of recreational attractions and equipment.

29.     In 2022, Defendant approach Slick Slide about a potential project associated with Aviate Extreme Air Sports in Wichita Kansas ("the Aviate Project").

30.     In connection with the Aviate Project, Defendant enticed Slick Slide to provide to Defendant a proposal by which Slick Slide would supply recreational slides.

31.     Also in connection with the Aviate Project, Defendant enticed Slick Slide to provide to Defendant engineering and design information associated with

COMPLAINT

the Launch Slide.  Defendant represented to Slick Slide that Defendant would only use the engineering and design information associated with the Launch Slide for marketing purposes.  Defendant represented that Defendant was not making slides, not engineering slides, and not doing anything but marketing equipment.

32.    In about August 2022, Slick Slide did provide to Defendant engineering and design information associated with the Launch Slide.  The engineering and design information that Slick Slide provided to Defendant included a design proposal for the Aviate Project.

33.    Defendant used the engineering and design information associated with the Launch Slide for more than just marketing purposes.  Defendant made derivative works, or caused and induced others to make derivative works, based on the engineering and design information associated with the Launch Slide.

34.    Defendant also used the engineering and design information associated with the Launch Slide to design and manufacture recreational slides, or caused and induced others to design and manufacture recreational slides based on the engineering and design information associated with the Launch Slide.

35.    The derivative works, and the recreational slides, that Defendant created or caused and induced others to create, were for purposes of subterfuge and deception of Slick Slide.  By way of example only, Defendant led Slick Slide to believe that Slick Slide was to be the supplier for the Aviate Project.

8

COMPLAINT

36.     Defendant failed to inform Slick Slide that the derivative works, and the recreational slides, that Defendant created or caused and induced others to create, were for purposes of offering for sale and selling recreational slides for the Aviate Project, whereby Slick Slide would not be the supplier.

37.     Defendant's subterfuge and deception worked, in that a recreational slide based on the engineering and design information associated with the Launch Slide was designed, engineered, manufactured, offered for sale, and sold in connection with the Aviate Project.

38.     Defendant facilitated its subterfuge and deception by falsely representing that he was acting in cooperation with Slick Slide.  By way of example only, Defendant repeatedly advised Slick Slide regarding the status of the Aviate Project, advising that it was a viable project for Slick Slide, while in fact Defendant was creating or causing and inducing others to create derivative works, and create the recreational slides, based on the engineering and design information associated with the Launch Slide.  In doing so, Defendant was acting in cooperation with third parties, despite representing to Slick Slide that it was acting in cooperation with Slick Slide.

39.     Defendant was successful in its subterfuge, and gained through deceptive and unlawful means confidential business information, engineering and design information, that only rightfully belonged to Slick Slide.

COMPLAINT

40.     In connection with its subterfuge, and based on his knowledge of Slick Slide and the recreational slide industry generally, Defendant gained knowledge that Slick Slide's Launch Slide design is protected by the '821 patent.

41.     In connection with its subterfuge, Defendant gained knowledge regarding the design, supply, manufacture, and sale of recreational slides, including slides that are intended to be a copy of Slick Slide's Launch Slide design.

42.     With its knowledge regarding the '821 patent, Defendant caused the design, supply, manufacture, offer for sale, and purchase of slides that are based on the engineering and design information associated with the Launch Slide, including a slide associated with the Aviate Project.

43.     Defendant did so with the ulterior purpose of making unlawful monetary gain for itself, to the detriment of Slick Slide.

44.     Defendant did so knowing that the manufacture, offer for sale, and sale of the slides based on the engineering and design information associated with the Launch Slide constitutes infringement of the '821 patent, in part because those slides are intended to be a copy of Slick Slide's Launch Slide.  Defendant also did so knowing that the slides based on the engineering and design information associated with the Launch Slide are an infringement of the '821 patent, in part because those slides are intended to be a copy of Slick Slide's Launch Slide.

45.     Defendant also did so knowing that the derivative works relied upon to manufacture, offer for sale, and sell of the slides based on the engineering and

COMPLAINT

design information associated with the Launch Slide constitutes infringement of the copyrights associated with the Launch Slide, in part because those slides are intended to be a copy of Slick Slide's Launch Slide.

46.    The purchaser of the slide for the Aviate Project purchased and used the slide based on the promotion, instruction, suggestion, and advice from Defendant.

47.    The purchaser of the slide for the Aviate Project was caused to purchase and use the slide by Defendant.

## <u>COUNT I – PATENT INFRINGEMENT</u>

48.    The allegations of Paragraphs 1-47 are incorporated by reference as if fully set forth herein. This is an allegation of patent infringement under 35 U.S.C. § 271(a).

49.    The recreational slide depicted in the image attached as Exhibit J infringes the '821 patent.  The respective designs of the '821 patent and the recreational slide depicted in the image attached as Exhibit J are substantially the same such that an ordinary observer, confusing one for the other, could be induced to purchase the infringing design.  By way of example only, the '821 patent depicts a novel hood design that encloses the first section of the claimed slide, and that nearly identical feature is found in the image of the accused product in Exhibit J.  In addition, the '821 patent depicts a novel slide exit trajectory at the end of the slide

11

design, and that nearly identical feature is found in the image of the accused

product in Exhibit J.

50.     Defendant has infringed infringe the '821 patent by its design, supply,

manufacture, offer for sale, and sale of recreational slides, including the slide

depicted in the image attached hereto as Exhibit J.

51.     Defendant's acts of patent infringement complained of herein are

being carried out willfully and with full knowledge of Slick Slide's rights in the

'821 patent.  By way of example only, Defendant's acts of patent infringement are

being carried out despite having been made aware of the '821 patent through its

subterfuge with Slick Slide.

52.     As a result of Defendant's actions, Slick Slide has suffered and

continues to suffer substantial injury, including irreparable injury and monetary

damage, including but not limited to the loss of sales and profits, which Slick Slide

would have made but for the acts of infringement by the Defendant. Such injury

and damage to Slick Slide will continue unless Defendant is enjoined by this Court

from further infringement.

## **COUNT II – INDUCEMENT OF PATENT INFRINGMENT**

53.     The allegations of Paragraphs 1-52 are incorporated by reference as if

fully set forth herein.  This is an allegation of inducement of patent infringement

under 35 U.S.C. § 271(b).

COMPLAINT

54.     Defendant caused the design, supply, manufacture, offer for sale, and purchase of the slide that is depicted in the image attached hereto as Exhibit J. Defendant also convinced others to design, supply, manufacture, offer for sale, and purchase of the slide that is depicted in the image attached hereto as Exhibit J. Defendant also convinced the purchaser of the slide that is depicted in the image hereto as Exhibit J, to have that slide designed, supplied, manufactured, purchased, and used.

55.     Through its promotion of the slide that is depicted in the image hereto as Exhibit J, Defendant convinced others to design, supply, manufacture, offer for sale, and purchase of the slide that is depicted in the image attached hereto as Exhibit J, and other slides, and also convinced the purchaser of the slide that is depicted in the image hereto as Exhibit J to have that slide designed, supplied, manufactured, purchased, and used.  In doing so, Defendant induced others to infringe the '821 patent and specifically intended to encourage and facilitate that infringement.

56.     Defendant's acts of inducing patent infringement complained of herein were being carried out willfully and with full knowledge of Slick Slide's rights in the '821 patent.  By way of example only, Defendant's acts of inducement of patent infringement are being carried out despite having been made aware of the '821 patent through their subterfuge with Slick Slide.

57. Defendant has induced infringement of the '821 patent thereby. Defendant encouraged customers and potential customers to infringe the '821 patent thereby.

58. As a result of Defendant's actions, Slick Slide has suffered and continues to suffer substantial injury, including irreparable injury and monetary damage, including but not limited to the loss of sales and profits, which Slick Slide would have made but for the acts of inducement of infringement by the Defendant. Such injury and damage to Slick Slide will continue unless Defendant is enjoined by this Court from further infringement.

## COUNT III – COPYRIGHT INFRINGEMENT

59. This cause of action arises under the copyright laws of the United States, Title 17 United States Code.

60. The allegations of 1-59 are incorporated by reference as if fully set forth herein.

61. Slick Slide is the owner of original work, including design and uses this design information and artwork for the Slick Slide Launch Slide and Hybrid Slide in connection with its business.

62. The Slick Slide Launch Slide design information and artwork used by Defendant in connection with its business is a reproduction, counterfeit, copy, and/or derivation of Slick Slide's original and copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

14

63.     Slick Slide has duly complied with the provisions of the copyright laws of the United States and has secured rights and privileges in and to the design information and artwork described above relating to the Slick Slide Launch Slide. Slick Slide has Certificates of Registration, duly issued from the Register of Copyrights, pertaining to said design information and artwork. (See Certificates of Registration, attached hereto as Exhibits B, D, F, and H)  At all times relevant hereto, Slick Slide has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the design information and artwork that is the subject of the Certificates of Registration attached hereto as Exhibits B, D, F, and H.

64.     All of the acts of the Defendant as set forth in the preceding paragraphs are without permission, license, or consent of Slick Slide.  These acts have and will cause serious and irreparable damage to Slick Slide for which Slick Slide is without adequate remedy at law.

## COUNT IV – INDUCEMENT OF COPYRIGHT INFRINGEMENT

65.     This cause of action arises under the copyright laws of the United States, Title 17 United States Code.

66.     The allegations of 1-65 are incorporated by reference as if fully set forth herein.

15

COMPLAINT

67.   Slick Slide is the owner of original work, including design and uses this design information and artwork for the Slick Slide Launch Slide and Hybrid Slide in connection with its business.

68.   The Slick Slide Launch Slide design information and artwork used by Defendant in connection with its business is a reproduction, counterfeit, copy, and/or derivation of Slick Slide's original and copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

69.   Slick Slide has duly complied with the provisions of the copyright laws of the United States and has secured rights and privileges in and to the design information and artwork described above relating to the Slick Slide Launch Slide. Slick Slide has Certificates of Registration, duly issued from the Register of Copyrights, pertaining to said design information and artwork. (See Certificates of Registration, attached hereto as Exhibits B, D, F, and H).  At all times relevant hereto, Slick Slide has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) to reproduce, distribute, display, or license the reproduction, distribution, and/or display of the design information and artwork that is the subject of the Certificates of Registration attached hereto as Exhibits B, D, F, and H.

70.   Defendant caused and induced others to make derivative works based on the engineering and design information associated with the Launch Slide. Defendant also did so knowing that the derivative works relied upon to

16

COMPLAINT

manufacture, offer for sale, and sell of the slides based on the engineering and

design information associated with the Launch Slide constitutes infringement of the

copyrights associated with the Launch slide, in part because those slides are

intended to be a copy of Slick Slide's Launch Slide.

71.     All of the acts of the Defendant as set forth in the preceding

paragraphs are without permission, license, or consent of Slick Slide.  These acts

have and will cause serious and irreparable damage to Slick Slide for which Slick

Slide is without adequate remedy at law.

## COUNT V –TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER LANHAM ACT § 43(A)

72.     This cause of action arises under the trademark laws of the United

States, Title 15 United States Code, including 15 U.S.C. § 1125(a).

73.     The allegations of 1-72 are incorporated by reference as if fully set

forth herein.

74.     Defendant's use of SLICK SLIDE in connection with recreational

attractions and equipment is confusingly similar to Slick Slide's SLICK SLIDE

trademark, such that consumers and other members of the public are likely to

continue to confuse the two. For example, Defendant's use of SLICK SLIDE

depicted in the image attached hereto as Exhibit K is confusingly similar to Slick

Slide's SLICK SLIDE trademark, such that consumers and other members of the

public are likely to continue to confuse the two.

COMPLAINT

75.     Additionally, Defendant's use of SLICK SLIDE in connection with recreational attractions and equipment constitutes false designation of origin and unfair competition by infringing the trademark rights of Slick Slide in the SLICK SLIDE trademark.

76.     Furthermore, the trademark SLICK SLIDE is so associated with the recreational attractions and equipment offered by Slick Slide that use of SLICK SLIDE by Defendant constitutes a false representation that Defendant's recreational attractions and equipment are, in fact, offered by Slick Slide, or are otherwise affiliated with Slick Slide.  In addition, Defendant's advertising and promotion of its recreational attractions and equipment has usurped Slick Slide's business identity, despite the fact the Slick Slide is the senior user.

77.     As a proximate result of the wrongful acts of the Defendant complained of herein, Slick Slide has suffered and will continue to suffer irreparable harm to its business and good will, and other damages.

78.     The wrongful acts of the Defendant also entitle Slick Slide to recover a disgorgement of all of Defendant's profits associated with or derived from use of the SLICK SLIDE trademark.  Insofar as Defendant's wrongful actions are knowing and willful, Slick Slide is entitled to an award of enhanced damages. Moreover, because the infringement is ongoing and willful, the case is exceptional, entitling Slick Slide to recovery its legal costs, including attorney's fees, from Defendant.

COMPLAINT

## COUNT VI –TRADEMARK INFRINGEMENT UNDER COMMON LAW

79.     This cause of action arises under the common law.

80.     The allegations of 1-79 are incorporated by reference as if fully set forth herein.

81.     As set forth above, Defendant has infringed and continues to infringe the SLICK SLIDE trademark.

82.     The SLICK SLIDE trademark is so associated with the recreational attractions and equipment offered by Slick Slide that use of SLICK SLIDE by Defendant constitutes a false representation that Defendant's recreational attractions and equipment are, in fact, offered by Slick Slide, or are otherwise affiliated with Slick Slide.  In addition, Defendant's advertising and promotion of its recreational attractions and equipment has usurped Slick Slide's business identity, despite the fact the Slick Slide is the senior user.  Defendant's actions violate Slick Slide's common law rights in California and throughout the United States.

83.     As a proximate result of the wrongful acts of the Defendant complained of herein, Slick Slide has suffered and will continue to suffer irreparable harm to its business and good will, and other damages which are compensable by law.

19

COMPLAINT

## COUNT VII –UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES BASED ON STATE LAW

84.     This cause of action arises under state law.

85.     The allegations of 1-84 are incorporated by reference as if fully set forth herein.

86.     Defendant has engaged and continues to engage in knowing trademark infringement and related deceptive advertising and promotion using the SLICK SLIDE trademark fraudulent and deceptive acts and practices in violation of the California Unfair Practices Act, and the deceptive trade practices acts of other states, including the State of Arizona.

87.     For example, Defendant has used and is using the SLICK SLIDE trademark which is confusingly similar to Slick Slide's SLICK SLIDE trademark with nearly identical services and goods for which Slick Slide uses the SLICK SLIDE trademark. Therefore, Defendant's uses of the SLICK SLIDE trademark misrepresents the source, sponsorship, approval or certification of its goods and services.

88.     Defendant's uses of the SLICK SLIDE trademark is likely to cause consumers to conclude falsely that there exists some affiliation, connection or association between Defendant and Slick Slide.  Defendant's uses of the SLICK SLIDE trademark constitute a false representation that Defendant's services and goods are, in fact, offered by Slick Slide, or are otherwise affiliated with Slick

COMPLAINT

Slide.  In addition, Defendant's advertising and promotion of its services and goods has usurped Slick Slide's business identity, despite the fact the Slick Slide is the senior user.  The actual and probable tendency and impact of Defendant's uses is to enable Defendant to deceive the public, including citizens of the State of California for whose protection the California Unfair Practices Act was enacted.

89.     Defendant's wrongful conduct constitutes unfair competition under California state law and the laws of other states, including Arizona.

90.     Moreover, at all times relevant to this Complaint, Defendant has had actual or constructive knowledge of Slick Slide's rights to its SLICK SLIDE trademark and therefore Defendant's infringement was willful and deliberate.

91.     In addition, in connection with the Aviate Project discussed herein, Defendant falsely enticed Slick Slide to provide to Defendant engineering and design information associated with the Launch Slide.  Defendant also falsely represented that Defendant was not making slides, not engineering slides, and not doing anything but marketing equipment.  Contrary to Defendant's representations, Defendant facilitated the copying of Slick Slide's designs, copied Slick Slide's designs, facilitated the creation of derivative works, created derivative works, and participated in a scheme to engage in patent infringement, copyright infringement, and trademark infringement.

## COUNT VIII – VIOLATION OF 17 U.S.C. § 1202

92.     This cause of action arises under federal copyright law.

COMPLAINT

93.    The allegations of 1-92 are incorporated by reference as if fully set forth herein.

94.    As explained above, Defendant caused and induced others to make derivative works based on the engineering and design information associated with the Launch Slide.  Defendant also did so knowing that the derivative works relied upon to manufacture, offer for sale, and sell of the slides based on the engineering and design information associated with the Launch Slide constitutes infringement of the copyrights associated with the Launch slide, in part because those slides are intended to be a copy of Slick Slide's Launch Slide.

95.    In connection therewith, Defendant intentionally removed and altered copyright management information, and induced and caused others to intentionally remove and alter copyright management information, from the engineering and design information associated with the Launch Slide.  By way of example only, Defendant removed and altered, and induced and caused others to remove and alter, the title of the engineering and design information and the name of the author of the work, i.e., Slick Slide.  By way of further example, Defendant removed and altered, and induced and caused others to remove and alter, the name of the copyright owner of the work, i.e., Slick Slide.

96.  In doing so, Defendant knew that the title and author of the work, and the name of the copyright owner, was being removed and altered.  Defendant had that knowledge because, by its possession of the engineering and design

COMPLAINT

information, knew that the work had that information associated with it, and yet removed and altered it, and induced and caused others to remove and alter it.

97.     Defendant did so with the purpose of concealing the fact that its was Slick Slide engineering and design information that was being altered, and so that derivative works could and would be created to conceal that Slick Slide engineering and design information was the origin of the derivative works.

98.     One of Defendant's purposes in its actions was to create derivative works on behalf of third parties, and to provide those derivative works to third parties, so that the third parties could use the derivative works as templates to create additional derivative works.  In addition, Defendant agreed with third parties, and therefore knew, that the derivative works would be used to create copies and derivative works based Slick Slide's engineering and design information.

99.     Defendant agreed to create derivative works for the third parties, and in doing so understood that the title and author of the work, and the name of the copyright owner, would be removed and altered.

100.   Based on that understanding, Defendant knew that the third parties would also infringe Slick Slide's copyrights.  For example, Defendant knew that third parties would rely upon the altered Slick Slide engineering and design information to create additional derivative works.

100.   Based on that understanding, Defendant knew that its conduct was inducing and causing third parties to infringement of Slick Slide's copyrights.

COMPLAINT

WHEREFORE, Slick Slide prays for the following relief against Defendant:

A.      That a judgment be entered against Defendant, that the Defendant has infringed United States Design Patent No. D973,821 and has induced infringement of United States Design Patent No. D973,821.

B.      That Defendant, its agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with any or all of them, be enjoined and permanently restrained from further infringing United States Design Patent No. D973,821.

C.      That a judgment be entered requiring Defendant to pay to Slick Slide monetary damages sustained by Slick Slide due to such acts of infringement, including lost profits or reasonable royalty under 35 U.S.C. § 284, or alternatively, the Defendant's total profit under 35 U.S.C. § 289.

D.      That such damages payable to Slick Slide be trebled under 35 U.S.C. § 284 for willful infringement.

E.      That this case be adjudged and decreed exceptional under 35 U.S.C. § 285, and that Slick Slide be awarded its reasonable attorney fees.

F.      That Slick Slide be awarded its costs and prejudgment interest on all damages.

G.      That this Court enter a decree holding that Defendant has infringed Slick Slide's copyrights.

COMPLAINT

H.     That Defendant be preliminarily and permanently enjoined and restrained from any use of Slick Slide's copyright materials, including but not limited to in connection with the provision of recreational slides, and from any other acts which will injure or be likely to injure Slick Slide.

I.     That Defendant be ordered to deliver up for destruction all materials containing Slick Slide's original artwork, and to discontinue use of such materials.

J.     That Defendant be ordered to file with this Court and serve on Slick Slide within thirty (30) days after entry of the final judgment of this cause a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the final judgment.

K.     That Slick Slide be awarded all profits realized by Defendant, and all costs saved by Defendant, and all damages sustained by Slick Slide, by reason of Defendant's copyright infringement, and that Slick Slide be awarded damages and attorneys fees, including statutory damages under 17 U.S.C. § 1203, for Defendant's conduct.

L.     That this Court enter a decree holding that Defendant has infringed Slick Slide's trademark rights; that Defendant has falsely designated the origin of its goods and services under federal trademark laws; that Defendant has competed unfairly; that Defendant has violated the laws of the State of California and other States;

COMPLAINT

M.      That Defendant, its agents, employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from them, be preliminarily and permanently enjoined and restrained from any use of the designation SLICK SLIDE and any other colorable imitation thereof, and any other acts which will damage the value of Slick Slide's SLICK SLIDE trademark.

N.      That Defendant, its agents, employees, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with or under authority of or from them, be preliminarily and permanently enjoined from representing or passing off by words or implications that they and/or any company with which they are involved is affiliated or associated with, are sponsored or authorized by Slick Slide, and that they be enjoined from infringing Slick Slide's SLICK SLIDE trademark.

O.      That Defendant deliver up for destruction all goods, and advertising and promotional materials, containing the SLICK SLIDE designation, and discontinue use of such designation.

P.      That Slick Slide be awarded such other and further relief as the Court deems just and proper.

26

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Slick Slide hereby demands and requests trial by jury of all issues raised that are triable by jury.

Dated: <u>December 20, 2023</u>              <u>s/William F. Small</u>
                                            William F. Small
                                            SMALL LAW PC
                                            402 West Broadway, Suite 1270
                                            San Diego, CA 92101
                                            Email: will@smalllawcorp.com
                                            Telephone:  (619) 430-4796

                                            Brett A. Schatz (*Pro Hac Vice* In Process)
                                            (Ohio 0072038)
                                            WOOD, HERRON & EVANS, L.L.P.
                                            600 Vine Street, Suite 2800
                                            Cincinnati, Ohio 45202
                                            Email: bschatz@whe-law.com
                                            Telephone:  (513) 241-2324

                                            Attorneys for Plaintiff
                                            Slick Slide LLC

27

COMPLAINT