UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLICK SLIDE LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SPORTS INNOVATION CORP. doing business as TRUE MOVEMENT TECH doing business as AIRTRACK,<br><br>　　　　　　　　　　Defendant. | Case No.: 23cv2319-LL-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY**<br><br>[ECF No. 23] |

Before the Court is Defendant Sports Innovation Corporation's Motion to Stay. ECF No. 23. Plaintiff Slick Slide LLC filed an Opposition [ECF No. 24], and Defendant filed a Reply [ECF No. 26]. The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** the Motion.

I.　BACKGROUND

On December 20, 2023, Plaintiff filed a complaint against Defendant for (1) patent infringement, (2) inducement of patent infringement, (3) copyright infringement, (4) inducement of copyright infringement, (5) trademark infringement, false designation of

origin, and unfair competition under the Lanham Act § 43(a), (6) trademark infringement under common law, (7) unfair competition and deceptive trade practices based on state law, and (8) violation of 17 U.S.C. § 1202 by intentionally removing and altering copyright management information and inducing and causing others to do the same. ECF No. 1.

The following factual allegations are in Plaintiff's complaint. Plaintiff's product offerings include indoor and outdoor customized recreational slides for amusement parks and water parks. *Id.* ¶ 2. Plaintiff's slide designs are protected by patents and copyrights. *Id.* ¶¶ 9, 12, 17. Plaintiff has been using the trademark Slick Slide since 2019. *Id.* ¶ 18. Plaintiff claims Defendant is a "designer, supplier, manufacturer, offeror for sale, and seller, or recreational attractions and equipment." *Id.* ¶ 28. Defendant allegedly enticed Plaintiff to provide engineering and design information for Plaintiff's Launch Slide and deceptively used it to design and manufacture recreational slides intended to be copies of the Launch Slide, or caused and induced others to do so. *Id.* ¶¶ 31–35, 42, 44–45.

Several months prior, on June 28, 2023, Plaintiff filed a complaint against Edwin L. Reed and Chad L. Reeves in the district court in Colorado. ECF No 23-1 at 2–7. On December 15, 2023, Plaintiff filed a First Amended Complaint ("FAC") in the Colorado case against Reed, Reeves, Tryjax Construction, LLC, Trampoline Park Gurus, LLC, and Adventure Park Contractors, LLC. First Amended Complaint, *Slick Slide LLC v. Reed*, No. 23cv1649-CNS-NRN (D. Colo. Dec. 15, 2023), ECF No. 37. The FAC includes claims of (1) patent infringement, (2) inducement of patent infringement, (3) copyright infringement, and (4) inducement of copyright infringement. *Id.* In the FAC, Plaintiff alleges that Reed and Reeves "used the designs for Slick Slide's recreational slides that Slick Slide provided to Defendant Reed in order to manufacture, offer for sale, and sell copies and recreational slides" like the Launch Slide to third parties. *Id.* ¶¶ 25, 26, 28.

On April 9, 2024, Defendant filed the instant Motion to Stay. ECF No. 23 ("Motion" or "Mot."). Plaintiff filed its Opposition on April 23, 2024. ECF No. 24 ("Opposition" or "Oppo."). Defendant filed its Reply on May 7, 2024. ECF No. 26 ("Reply").
/ / /

## II.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A trial court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case," whether or not the issues in such proceedings are controlling in the action before the court. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (citations omitted). The movant bears the burden of showing a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## III.  DISCUSSION

Defendant argues that this case should be stayed until the litigation in the Colorado case is concluded pursuant to the first-to-file rule, the customer-suit exception, or the traditional factors. Mot. at 7.[1] Plaintiff opposes. Oppo.

### A.  First-to-File Rule

The first-to-file rule allows a "district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (citations omitted). It is "not a rigid or inflexible rule to be mechanically applied," and the court has discretion. *Id.* "When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (internal quotation marks and citation omitted). Courts consider three factors to determine whether to apply the first-to-file rule: the chronology of the actions, the similarity of the parties, and the similarity of the issues. *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *EMC Corp. v.*

---

[1] Pincite page citations in this Order refer to the court-generated CM/ECF page numbers located at the top of each filed page.

*Bright Response, LLC*, No. C-12-2841 EMC, 2012 WL 4097707, at *1 (N.D. Cal. Sept. 17, 2012) (citing *Alltrade, Inc.*, 946 F.2d at 625–26). In the Ninth Circuit, the parties and issues do not need to be identical, only substantially similar. *Kohn L. Grp., Inc.*, 787 F.3d at 1240.

The parties agree that the Colorado case was filed first but disagree that the parties and issues are substantially similar.

### 1.  Parties

Plaintiff Slick Slide LLC is the same in both cases, but the defendants are not. In the Colorado case, Plaintiff sues two individuals and their three businesses. First Amended Complaint, *Slick Slide LLC v. Reed*, No. 23cv1649-CNS-NRN (D. Colo. Dec. 15, 2023), ECF No. 37. Plaintiff argues that there is no overlap in the defendants. Oppo. at 14–17. Defendant in this case does not purport to be affiliated by ownership with any of the defendants in the Colorado case, but instead argues that the parties are substantially similar. Mot. at 13; Reply at 7–8.

The Court finds the parties are substantially similar for the purposes of the first-to-file rule. The patent owner, the asserted patent, and the product are the same in both cases. Additionally, the owner of the copyrights, and three of the four registered copyrights in this case are the same in both cases. *Compare* ECF Nos. 1-3, 1-5, 1-7, 1-9 (registered copyrights in this case), *with* First Amended Complaint at Exhibits B, D, F, *Slick Slide LLC v. Reed*, No. 23cv1649-CNS-NRN (D. Colo. Dec. 15, 2023), ECF Nos. 37-2, 37-4, 27-6 (registered copyrights in the Colorado case). Defendant also claims in its answer to Plaintiff's complaint that it did not manufacture the allegedly infringing slide, but instead purchased it from Tryjax Construction, which is one of the defendants in the Colorado case. ECF No. 9 ¶ 47; Reply at 2. The Court notes that the parties disagree over who manufactures the slides at issue—Plaintiff alleges that defendants in both cases are manufacturers, which defendants all deny. *Compare* ECF No. 1 ¶ 28 (alleging Defendant is a manufacturer), *with* ECF No. 9 ¶¶ 28, 47 (Defendant denies manufacturing the slide); Answer to First Amended Complaint ¶¶ 20, 29, *Slick Slide LLC v. Reed*, No. 23cv1649-

CNS-NRN (D. Colo. Jan. 17, 2024), ECF No. 41 (defendants in the Colorado case deny manufacturing the slides). Even if none of the defendants are manufacturers of the slide and are only sellers, the Court finds the overlap between the parties, the product, and the asserted patent and copyrights to be sufficiently intertwined to be considered substantially similar. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) ("The Court also notes exact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters.").

### 2. Issues

The parties agree that the patent asserted by Plaintiff in both cases is the same but disagree as to the similarity of the remaining issues. Defendant argues that both cases involve nearly identical claims of patent and copyright infringement because they "involve the same design patent, the same accused product, and the same alleged copyright material." Mot. at 14. Defendant explicitly agrees to be bound by any final determination regarding the infringement, validity, or enforceability of the asserted patent and copyrights. Mot. at 17; Reply at 6. Plaintiff contends that the overlap of issues is minimal because there is one copyright in this case that is not asserted in the Colorado case, and this case has trademark infringement, unfair competition, and deceptive trade practices claims that are not in the Colorado case. Oppo. at 17–19.

The Court finds the issues are substantially similar for purposes of the first-to-file rule. Both cases involve the same patent infringement claims and similar copyright infringement claims. All three of the copyright registrations asserted in the Colorado case are identical to three of the four copyright registrations asserted in this case. Although some claims in this case will not be resolved in the Colorado case, the major issues regarding patent and copyright infringement overlap, which would create duplicative discovery and a risk of inconsistent decisions. *See TimeKeeping Sys., Inc. v. DwellingLIVE, Inc.*, No. SACV161207DOCSKX, 2016 WL 9086657, at *2 (C.D. Cal. Sept. 9, 2016) ("Both

cases deal with the same patent, would have duplicative discovery, and would most likely create duplicative claim construction and create a risk of inconsistent decisions."); *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014) ("The first-to-file rule does not require strict identity of issues or 'exact parallelism,' but rather requires substantial similarity or overlap of the claims and issues.").

The Court finds the chronology of the parties and the substantial similarity of the parties and issues all weigh in favor of staying this action pursuant to the first-to-file rule.

**B.  Stay**

A stay of this case pending resolution of the Colorado case will serve judicial economy by greatly simplifying the matter before this Court due to the substantial similarity between the parties and issues, together with Defendant's agreement to be bound by any final determination in the Colorado case regarding infringement, validity, or enforceability of the asserted patent and copyrights. *See Leyva*, 593 F.2d at 863 (citation omitted). Because the Court finds a stay is warranted under the first-to-file rule, it declines to analyze the customer-suit exception or the traditional factors.

**IV.  CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Stay this case pending resolution of the Colorado case, *Slick Slide LLC v. Reed*, No. 23cv1649-CNS-NRN (D. Colo. filed June 28, 2023). The parties are **ORDERED** to file a joint status report every ninety days on the progress of the Colorado case, with the first report due on or before **February 18, 2025**.

**IT IS SO ORDERED**.

Dated:  November 19, 2024

Honorable Linda Lopez
United States District Judge